**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ANTHONY D. STEVENSON, ,**

        **Plaintiff,**

    **v.**                                            **1:13-CV-1177**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

        **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

Plaintiff Anthony D. Stevenson brought this suit under § 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") denying the applications for benefits is not supported by substantial evidence and contrary to the applicable legal standards. The Commissioner argues that the decision is supported by substantial evidence and made in accordance with the correct legal standards. Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

1

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on August 9, 2010 (Tr. 124-125). This application was denied on December 9, 2010 (Tr. 79-81). Thereafter, Plaintiff requested a hearing by an ALJ (Tr. 91-93). Plaintiff appeared and testified before ALJ Arthur Patane on October 19, 2011 (Tr. 36-54). The ALJ then considered the case *de novo* and, on January 6, 2012, found that Plaintiff was not disabled (Tr. 21-31). Plaintiff sought review from the Appeals Council (Tr. 15). On July 26, 2013, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner (Tr. 1-3). This action followed.

## II. FACTS

The parties do not dispute the underlying facts of this case. The Court assumes familiarity with these facts and will set forth only those facts material to the parties' arguments.

## III. THE COMMISSIONER'S DECISION

The ALJ engaged in the required five-step analysis to determine whether a claimant qualifies for disability benefits. See 20 C.F.R. § 404.1520. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since August 9, 2010, the application date (Tr. 23). The ALJ found at step two that Plaintiff had the following severe impairments: lumbar disorder, obesity, left eye blindness, and borderline intellectual functioning (Tr. 23). The ALJ found at step three that, since the application date, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments set forth at 20 C.F.R. Subpart P, Appendix 1 (Tr. 26-27). The ALJ then found

2

that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 416.967(b) except that Plaintiff was precluded from performing complex tasks and work requiring depth perception, full field of vision, or hazardous equipment (Tr. 27-29). The ALJ found at step four that Plaintiff had no past relevant work (Tr. 30). The ALJ considered Plaintiff's age, education, work experience, and RFC at step five and determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 30). The ALJ thus found that Plaintiff was not disabled (Tr. 30).

## IV. STANDARD OF REVIEW

The Court's review of the Commissioner's determination is limited to two inquiries. *See* 42 U.S.C. § 405(g). First, the Court determines whether the Commissioner applied the correct legal standard. *See Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Second, the Court must determine whether the Commissioner's findings are supported by substantial evidence in the administrative record. *See Tejada*, 167 F.3d at 773; *Balsamo*, 142 F.3d at 79. A Commissioner's finding will be deemed conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)("It is not the function of a reviewing court to determine *de novo* whether a Plaintiff is disabled. The [Commissioner's] findings of fact, if supported by substantial evidence, are binding.")(citations omitted). In the context of Social Security cases, substantial evidence consists of "more than a mere scintilla" and is measured by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citation omitted).

Where the record supports disparate findings and provides adequate support for both the Plaintiff's and the Commissioner's positions, a reviewing court must accept the ALJ's factual determinations. *See Quinones v. Chater*, 117 F.3d 29, 36 (2d Cir. 1997)(citing *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)).

**V.     DISCUSSION**

The Plaintiff offers three grounds for challenging the ALJ's conclusions. Each is addressed below.

### a.     Treating Physician Rule

Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 416.927(d)(2) by failing to accord adequate weight to the opinion of his treating physician, Dr. DiGiovanni. In this regard, Plaintiff contends that the ALJ improperly gave "some weight, but not significant weight" to Dr. DiGiovanni's November 24, 2009 statement. Dr. DiGiovanni stated: "Patient requests a letter that he is not employable. I explained that this may be true for hard labor but I see no medical reason that he cannot be retained through VESID for a sedentary job." (Tr. 24). Plaintiff asserts: "This statement is very specific as Dr. DiGiovanni opined that the claimant is capable of only sedentary work." (Pl. Br. 3).

The Court disagrees that the statement is very specific, especially with regard to the type of work that Plaintiff could perform. The ALJ found that Plaintiff had the RFC only to perform light work (except that Plaintiff was precluded from performing complex tasks and work requiring depth perception, full field of vision, or hazardous equipment). This would appear to be consistent with Dr. Giovanni's 2009 statement that Plaintiff was excluded from performing "hard labor." To the extent that Plaintiff argues that the reference to "hard

4

labor" includes an exclusion from "light work," the argument underscores the vagueness of the statement. The vagueness of the statement provides a valid reason for the ALJ to accord it only "some" weight.

Further, the ALJ satisfied his requirement of providing good reasons for giving Dr. Giovanni's 2009 statement some, but not significant, weight. *See Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp.2d 496, 508 (S.D.N.Y. 2014). The ALJ stated:

> Dr. DiGiovanni reported that the claimant requested a letter that he was not employable; however, it was [Dr. DiGiovanni's] opinion that, while it may be true for hard labor occupations, there was no medical reason [claimant] could not perform a sedentary type job with retraining. The record contains a prior medical source statement from Dr. DiGiovanni: however, the statement reflects a date significantly prior to the Amended onset date of disability of December 18, 2008 and therefore it is given very little, if any, weight. Dr. DiGiovanni's 2009 statement is given some weight, but not significant weight as his statement is non-specific in nature. His clinical examination findings included only lumbar tenderness, but otherwise benign clinical findings including intact reflexes, normal motor strength in both upper and lower extremities, normal coordination and good mobility of all extremities do not support findings restrictive of the performance of only sedentary work activity. In addition, his opinion was provided early in the disability process and Dr. DiGiovanni no longer treats the claimant, and therefore, he is unable to provide additional evidence of more recent clinical supported medical source statements.

(Tr. 24).

Plaintiff's argument that his December 14, 2009 lumbar spine MRI supported Dr. Giovanni's November 2009 opinion (Pl. Br. 4) is without merit. The December 2009 lumbar spine MRI postdated Dr. Giovanni's opinion and, therefore, could not have been relied upon in forming the opinion (Tr. 242-244).

The Court finds that the ALJ applied the proper legal standard in addressing Dr. DiGiovanni's 2009 statement. Plaintiff's motion on this ground is denied.

5

### b. Dr. White's Opinion

Plaintiff contends that the ALJ improperly discounted Dr. White's opinion that Plaintiff should not perform work requiring "excellent visual acuity depth perception, or field of vision. He should not operate hazardous equipment." (Pl. Br. 4-5).[1]  However, the ALJ properly accommodated this portion of the opinion by precluding Plaintiff from performing work requiring depth perception, full field of vision, or hazardous equipment (Tr. 24, 27).  Plaintiff provides no reason why his visual limitation is not fully accommodated by the RFC,[2] and the Court sees none.  The motion on this basis is denied.

### c. Lack of Vocational Expert

Plaintiff argues that his limitations, as determined by the ALJ, required the testimony of a vocational expert.  However, the mere existence of non-exertional impairments do not mandate the use of a vocational expert nor preclude reliance on the Medical-Vocational Guidelines ("the Grids").  *Bapp v. Bowen*, 802 F.2d 601, 602-03 (2d Cir. 1986); *Sapienza v. Shalala*, 894 F. Supp. 728, 733 (S.D.N.Y. 1995).  A vocational expert was not required because the ALJ properly found that the additional limitations would have little to no effect on the occupational base.  *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)(The Grids can be relied on in the presence of non-exertional limitations as long as those limitations do not result in a significant limitation in the range of work that could otherwise be exertionally possible.); *Bapp,* 802 F.2d at 603 (finding the mere existence of a nonexertional

---

[1]Dr. White, the state agency doctor, is not, as Plaintiff suggests, a consultative examiner (Tr. 361-362).

[2]It bears noting that Plaintiff, not the ALJ, bore the burden of proof with respect to his RFC.  *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)(citing 20 C.F.R. §416.960(c)(2)("[t]he Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity").

impairment does not preclude reliance on the Grids).

First, regarding Plaintiff's preclusion from complex tasks, the occupational base for light work consists of unskilled work at the light and sedentary exertional levels. SSR 83-10; *see also* 20 C.F.R. 416.967(b)("If someone can do light work, we determine that he or she can also do sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). SSR 83-10 states that unskilled work consists of "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." SSR 83-10 (emphasis added). Therefore, a limitation that Plaintiff can only perform simple duties would not limit the occupational base.

Second, the ALJ properly pointed to SSR 85-15 (Tr. 30), which states that "even if a person's visual impairment(s) were to eliminate all jobs that involve very good vision…as long as he or she retains sufficient visual acuity to be able to handle and work with rather large objects (and has the visual fields to avoid ordinary hazards in a workplace), there would be a substantial number of jobs remaining across all exertional levels." SSR 85-15. The ALJ noted that Plaintiff watched television, read the newspaper, played cards, and occasionally attended baseball games (Tr. 28, referring to Tr. 42, 153). Plaintiff is also able to do laundry (Tr. 155). Thus, the preclusion from work requiring depth perception and a full field of vision would not affect the occupational base.

Third, SSR 96-9p states that the preclusion from hazardous machinery would also not affect the occupational base. *See* SSR 96-9p (Hazards such as working in high, exposed places, moving mechanical parts of equipment, tools, or machinery are considered unusual in unskilled sedentary work and "[e]ven a need to avoid all exposure to these conditions would not, by itself, result in a significant erosion of the occupational base.").

7

Because the ALJ properly found that Plaintiff's non-exertional limitations would have little to no effect on the occupational base, Plaintiff was properly found not disabled without vocational expert testimony. *Bapp*, 802 F.2d at 602.

## VI. CONCLUSION

The Court finds that the ALJ applied the correct legal standard, and that his conclusions are supported by substantial evidence in the administrative record. Accordingly, Plaintiff's motion for judgment on the pleadings is DENIED; the Defendant's motion is GRANTED; and the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED**

**Dated: March 18, 2015**

_____
Thomas J. McAvoy
Senior, U.S. District Judge